# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# DUBLIN DIVISION

| | |
|---|---|
| MARIANO ORDONEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 308-040 |
| | ) |
| WALT WELLS, Warden CCA, | ) |
| | ) |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed a Response.[1] (Doc. no. 7). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On July 9, 1986, Petitioner was sentenced to six (6) years to life imprisonment on a State of New York conviction ("State Conviction"). (Doc. no. 7, p. 5, and Ex. 3). Subsequently, Petitioner was paroled by the State of New York. (Id. at 5). Petitioner was

---

[1] Petitioner has filed two "emergency traverses" in response to Respondent's response, and he has also filed an "Emergency Motion of Inquiry." (Doc. nos. 8, 11, and 12). In a simultaneously filed Order, the Court addresses Plaintiff's "Emergency Motion of Inquiry."

arrested and his parole was revoked by the State of New York on September 6, 2005. (Id. at 5, Ex. 3). While serving his State of New York sentence, Petitioner pled guilty in Federal Court for the offense of illegal reentry by a previously deported alien.[2] (Doc. no. 1, p. 2; doc. no. 7, p. 5, and Ex. 3). On February 15, 2006, Petitioner was sentenced to forty-one (41) months of imprisonment by a United States District Judge for the Southern District of New York. (Doc. no. 7, p. 5, and Ex. 4). The District Judge sentenced Petitioner to serve a term of incarceration of "41 months. This term of imprisonment shall run concurrently with the unexpired state term of imprisonment and defendant shall receive credit for time served." (Id. at Ex. 4). A *nunc pro tunc* letter generated by the Bureau of Prisons ("BOP") designated the New York Department of Corrections as the facility where Petitioner would begin serving his federal sentence, effective February 15, 2006, concurrently with his unexpired state sentence. (Id. at 5-6, and Ex. 5). Petitioner was then paroled by the State of New York on June 28, 2006, and was immediately remanded to federal custody. (Id. at 6, and Ex. 7).

The BOP calculated Petitioner's projected release date from February 15, 2006, and his projected release date, via good conduct time credits, is February 4, 2009. (Doc. no. 1, p. 2; doc. no. 7, p. 6, and Ex. 8).

Petitioner has now filed a § 2241 petition in this Court arguing one ground for relief, asserting that the BOP calculated his release date contrary to his imposed sentence. (Doc. no. 1, pp. 4-6). According to Petitioner, the BOP has failed to credit him on his federal

---

[2]The United States Marshals Service took custody of Petitioner via Federal Writ on September 29, 2005. (Doc. no. 7, p. 5, and Ex. 3).

sentence for "time served" while in New York State custody, from September 29, 2005 until February 15, 2006 (Id. at 5). Respondent maintains that Petitioner's projected release date of February 4, 2009 (doc. no. 7, pp. 6-9), is correct because Petitioner received credit from the State of New York against his State sentence from September 29, 2005 until February 15, 2006, and under the applicable statute, he cannot receive double credit.

## II. DISCUSSION

Here, Petitioner asks the Court to conclude that he is entitled to credit on his federal sentence for time served in State custody between September 29, 2005 and February 15, 2006. (Doc. no. 1, pp. 3-6). Petitioner notes that the District Judge who sentenced him directed that Petitioner serve 41 months of imprisonment, that the imprisonment run concurrently with the unexpired state term of imprisonment, and that Petitioner shall receive credit for time served. (Id. at 2). According to Petitioner, because the BOP calculated his federal term of imprisonment from February 15, 2006, the date he was sentenced, he is not being credited for time served, and thus he is being deprived of 139 days that should have been credited toward his federal sentence. (Id. at 5).

On the other hand, Respondent provides that because Petitioner was incarcerated on his State sentence, and credited by the State toward the State sentence for the time between September 29, 2005 until February 15, 2006, he is not entitled to credit for any time before February 15, 2006, against his federal sentence. (Doc. no. 7, p. 7). Respondent has the better argument.

The issue Petitioner raises concerning the computation of his sentence is governed

3

by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the <u>Sentence</u> U.S.C. § 3585(b).

18 U.S.C. § 3585(b) provides:

**(b) Prior Custody Time Credit.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Here, while Petitioner was serving his State sentence, he was indicted in federal court for a violation of 8 U.S.C. § 1326(a), Illegal Reentry of a Deported Alien, and sentenced on this offense to the term of 41 months of imprisonment to run concurrently with the unexpired State term of imprisonment and to receive credit for time served. (Id., Ex. 7). After he was sentenced in federal court, Petitioner was transferred back to the custody of New York to complete his State sentence. (Id. at 6). He was paroled from the custody of New York on June 28, 2006. (Id.).

Petitioner's argument that he is entitled to credit on his federal sentence for time served from September 28, 2005 until February 15, 2006, is misguided, as he has already received credit for this time on his State sentence. As provided in the response to his Regional Administrative Remedy Appeal 478081-R1:

> Your sentence computation projects a released date of February 4, 2009, via Good Conduct Time release. You were not awarded any jail credit because it was credited toward your state sentence which the records office verified. Bureau of Prisons PS 5880.28, Sentence Computation Manual (CCA of 1984), quotes Title 18 U.S.C 3585(b), "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in

4

official detention prior to the date the sentence commences that has not been credited against another sentence."

(Doc. no. 1, Ex. 8). Accordingly, Petitioner is not entitled to the credit he has already received on his State sentence to also be applied to his federal sentence.

Moreover, the Supreme Court has ruled that Congress made clear that a defendant could not receive double credit for his detention time.[3] United States v. Wilson, 503 U.S. 329, 337 (1992). The Court also notes that in an unpublished opinion, the Eleventh Circuit affirmed the denial of a petition requesting credit for time served under similar circumstances, concluding, "Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period had not been credited against another sentence." Castillo v. Federal Correctional Institution of Tallahassee, 163 Fed. Appx. 803, 804 (11th Cir. Jan. 5, 2006); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody). Thus, Petitioner is not entitled to credit on his federal sentence for the time he spent in State custody.

In sum, Petitioner was credited for the time served on his State sentence, and therefore he is not entitled to credit for the same time on his federal sentence. Thus, he is not entitled to the relief he seeks.

---

[3] In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 10th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE